UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MELISSA YOUNG,<br><br>                                        Plaintiff,<br><br>v.<br><br>FEDERAL BUREAU OF PRISONS, THE GEO GROUP, INC, a Florida corporation; JOHN or JANE DOE 1-30, Correctional Officers and Staff of the Federal Bureau of Prisons and the GEO Group,<br><br>                                        Defendants. | Case No.: 22-cv-00125-AJB-KSC<br><br>**ORDER GRANTING FEDERAL DEFENDANTS' MOTION TO DISMISS**<br><br>**(Doc. No. 21)** |

    This is a civil rights action arising out of Melissa Young's ("Plaintiff") time in custody. The operative complaint is the First Amended Complaint ("FAC"), which Plaintiff brings against the Federal Bureau of Prisons ("BOP"), the GEO Group Inc. ("GEO"), and their respective Correctional Officers and Staff. (Doc. No. 10.) Before the Court is the BOP and its Correctional Officers and Staff's (collectively, "Defendants") motion to dismiss the FAC. (Doc. No. 21.) Plaintiff filed an opposition, to which Defendants replied. (Doc. Nos. 27, 28.) For the reasons set forth below, the Court **GRANTS** Defendants' motion.

I.  **BACKGROUND**[1]

On November 17, 2019, the Chula Vista Police Department placed Plaintiff into custody. That same day, Plaintiff experienced a seizure and was taken to Scripps Chula Vista Emergency Room for treatment. She was then transported to GEO's Western Region Detention Facility. On December 4, 2019, Plaintiff was released on bond and entered a residential drug treatment program. Plaintiff was discharged from the program on January 23, 2020 and reported to Pretrial Services the next day. Plaintiff was then transported to Metropolitan Correction Center ("MCC"), a facility operated by the BOP.

At some point between mid-November 2019 and early February 2020, BOP assigned Plaintiff to a top bunk. She informed the Corrections Office that due to her seizures, she required a bottom bunk, but the Corrections Office ignored her request. Plaintiff also requested to go to the medical department and completed a form to obtain her prescribed medications. Plaintiff alleges those requests were also ignored.

On January 29, 2020, Plaintiff felt ill, asked to be seen by the medical unit, but was again ignored. She thereafter had a seizure and fell from her top bunk. When other inmates attempted to get help, the officers claimed that Plaintiff was faking the seizure, and one of them kicked her. The corrections officers did not contact emergency medical services. Plaintiff's defense counsel learned about Plaintiff's condition and contacted MCC. She was then transported to UC San Diego ("UCSD") Hospital, where she underwent emergency brain surgery.

Plaintiff returned to MCC on February 3, 2020 and was again assigned to a top bunk. A fellow inmate switched bunks with Plaintiff, so she could have a bottom bunk. On February 5, 2020, Plaintiff entered another residential treatment program. Plaintiff felt ill the next day and requested to go to an emergency room. The medical staff informed her that she had been medically cleared and does not need emergency care. Plaintiff then called her sister, who took her to Sharp Chula Vista Emergency Room. The hospital admitted

---

[1] The following facts are taken from the FAC and assumed true for purposes of this motion. *See Cahill v. Liberty Mut. Ins. Co.*, 80 F.3d 336, 337–38 (9th Cir. 1996).

Plaintiff and kept her under observation. She was later transferred to UCSD Hospital's neurology department for her post-surgery follow-up and discharged on February 7, 2020.

After discharge, Plaintiff was placed in GEO's medical unit, where she remained for three days. Plaintiff was then placed in general population until her release on February 26, 2020. During her time in general population, corrections officers banged on the cell bars yelling "free headaches." Plaintiff informed the officers of her recent brain surgery and requested they stop. The officers told her that "headaches were funny." According to Plaintiff, she struggled to get her medication and see the medical unit at GEO.

Plaintiff alleges that MCC and GEO failed to protect and ensure her safety by failing to conduct appropriate health and medical evaluations. She also claims that MCC's failure to provide timely and necessary medical intervention caused the brain bleed that necessitated her surgery.

Plaintiff brought suit against Defendants in 2022 and later filed a FAC. Plaintiff alleges Eighth Amendment claims for excessive force and deliberate indifference to serious medical needs, as well as claims for intentional infliction of emotional distress and negligence. (Doc. No. 10.) Defendant GEO filed an Answer. (Doc. No. 11.) Defendants BOP and its Correctional Officers and Staff filed a motion to dismiss the FAC. (Doc. No. 21.) This Order follows.

## II.   LEGAL STANDARD

A motion to dismiss pursuant to Federal Rule of Civil Procedure ("Rule") 12(b)(6) tests the legal sufficiency of the complaint. *Navarro v. Block*, 250 F.3d 729, 732 (9th Cir. 2001). "To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citation omitted). Facial plausibility is satisfied "when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* To determine the sufficiency of the complaint, the court must assume the truth of all factual allegations therein and construe them in the light most favorable to the plaintiff. *Cahill v. Liberty Mut. Ins. Co.*, 80 F.3d

336, 337–38 (9th Cir. 1996). Although a court must take all of the factual allegations in a complaint as true, it is not required to accept conclusory statements. *Iqbal*, 556 U.S. at 678.

Additionally, a party may seek dismissal of an action pursuant to Rule 12(b)(1), for lack of subject-matter jurisdiction "either on the face of the pleadings or by presenting extrinsic evidence." *Warren v. Fox Family Worldwide, Inc.*, 328 F.3d 1136, 1139 (9th Cir. 2003). The party asserting subject-matter jurisdiction has the burden of persuasion for establishing it. *Hertz Corp. v. Friend*, 559 U.S. 77, 96 (2010).

## III. DISCUSSION

Here, Defendants argue that Plaintiff has not stated a claim upon which relief can be granted; that qualified immunity shields the BOP's Corrections Officers and Staff from Plaintiff's suit; and that the Court lacks jurisdiction over any negligent supervision claim against the United States or its agencies. The Court considers these arguments in turn.

### A. Failure to State a Claim

#### 1) Lack of Fair Notice to Each Defendant

First, Defendants argue that Plaintiff's FAC fails to plead facts that adequately inform each of them of the claims against which they must defend. The Court agrees.

"Rule 12(b)(6) is read in conjunction with Rule 8(a), which requires not only 'fair notice of the nature of the claim, but also grounds on which the claim rests.'" *Zixiang Li v. Kerry*, 710 F.3d 995, 998-99 (9th Cir. 2013) (quoting *Bell Atl. Corp. v. Twombly,* 550 U.S. 544, 556 n. 3 (2007)). Courts have construed Rule 8 to require a plaintiff suing multiple defendants to "allege the basis of his claim against each defendant." *Flores v. EMC Mortg. Co.*, 997 F. Supp. 2d 1088, 1103 (E.D. Cal. 2014) (quoting *Gauvin v. Trombatore*, 682 F.Supp. 1067, 1071 (N.D.Cal.1988)).

Upon review of the FAC, the Court finds it does not contain sufficient facts to afford each defendant—here, BOP and its Correctional Officers and Staff—fair notice of the claims against which they must defend.

### a. Claims Against BOP's Correctional Officers and Staff

To begin, the first cause of action listed in the FAC reads: "42 U.S.C. § 1983 – Eight Amendment" for "excessive force." (Doc. No. 10 at 8.) While Plaintiff identifies this claim as being alleged "Against Defendants John or Jane Doe 1-30," (*id.* at 8), these Doe defendants appear to include two different defendants: the BOP's and GEO's respective Correctional Officers and Staff. (*Id.* at 2, 8.) Although Rule 8(a) does not prohibit the use of collective defendants, Plaintiff's first cause of action alleges conduct committed only by Does 1-15. Plaintiff's second, third, and fourth causes of action suffer the same deficiency. The claims identify either Does 1-15 or Does 16-30, with no specification as to which Correctional Officers and Staff (BOP's or GEO's) they refer, and the Court cannot assume as true that which is not pled in the FAC.

Without allegations clarifying which Does are the BOP's Correctional Officers and Staff and which are GEO's, Plaintiff's allegations do not provide Defendant BOP's Correctional Officers and Staff fair notice of the claims against which they must defend. Plaintiff's reliance on out-of-circuit cases is unavailing as such cases are neither controlling nor analogous. And Plaintiff's assertion that "Each named Defendant has specific alleged conduct which has facts attendant to each" is simply inaccurate. (Doc. No. 27 at 6.) As discussed above, the FAC offers no notice to Defendants BOP Correctional Officers and Staff which alleged Does and conduct applies to them. Accordingly, the Court **GRANTS** Defendant BOP's Correctional Officers and Staff's motion to dismiss for failure to state a claim. *See* Fed. R. Civ. P. 8, 12(b)(6); *Zixiang*, 710 F.3d at 998–99.

Because the Court dismisses the claims against Defendant BOP's Correctional Officers and Staff on this basis, the Court need not consider whether qualified immunity subjects Plaintiff's claims against the individual federal officers to dismissal.[2] The Court nonetheless notes that "[u]nless the plaintiff's allegations state a claim of violation of

---

[2] Nor could the Court meaningfully analyze the FAC against the qualified immunity standard. As it stands, Plaintiff's *Bivens* claims are conclusory and bereft of factual allegations sufficient to establish a violation of clearly established law.

clearly established law, a defendant pleading qualified immunity is entitled to dismissal." *Mitchell v. Forsyth*, 472 U.S. 511, 526 (1985).

Lastly, considering leave should be freely given and amendment may not be futile in this case, the Court **GRANTS** Plaintiff leave to amend the FAC to cure the deficiencies with respect to the claims against the BOP's Correctional Officers and Staff identified herein and in Defendants' motion. *See* Fed. R. Civ. P. 15(a); *Johnson v. Mammoth Recreations, Inc.*, 975 F.2d 604, 607 (9th Cir. 1992) ("[L]eave to amend should be granted unless amendment would cause prejudice to the opposing party, is sought in bad faith, is futile, or creates undue delay."). To avoid dismissal, Plaintiff must ensure any second amended complaint contains factual allegations sufficient to place defendants on notice of the specific claims against them and facts showing a violation of clearly established law. *See* Fed. R. Civ. P. 8, 12; *Zixiang*, 710 F.3d at 998–99; *Mitchell*, 472 U.S. at 526.

The Court further directs that prior to filing any amended complaint, Plaintiff must thoroughly proofread the document to avoid the typographical errors and factual inconsistencies apparent in the FAC. For example, the FAC states that Plaintiff "suffered physical injury, severe pain, emotional injury, and **death**." (Doc. No. 10 at 8 (emphasis added).) There is no other indication that Plaintiff has passed away. The FAC also states, "On February 6, 2020, She [sic] was not feeling well and began to taste cooper [sic] in her mouth," and thereafter "called her sister, who took her to Sharp Chula Vista Emergency Room around 10:00 am on January 6, 2020." (*Id.* at 5–6.) The FAC also implies that after being discharged from the second residential program in January 2020, Plaintiff arrived at MCC "on or about November 17, 2019." (*Id.* at 3.) These inconsistencies do Plaintiff no favors and only further confuse the facts and issues in this case.

b.  **Claims Against the BOP**

Turning to the claims against the BOP, the Court notes that none of Plaintiff's causes of action identify the BOP as a defendant. (*See generally* Doc. No. 10 at 8–12 (identifying the claims as being against Does 1-15, Does 16-30, Does 1-30, MCC, and/or GEO.) Plaintiff argues that her *Bivens* claim for deliberate indifference to serious medical needs

in Count 2 applies to the BOP. That, however, is not how she pled that claim. Nowhere in the allegations for her second cause of action does she identify, or allege any wrongful conduct by, the BOP. (Doc. No. 10 at 8–9.) Adding to the confusion, Plaintiff specifies the second cause of action as being brought against MCC. MCC is not a named defendant in this case.

To the extent Plaintiff meant to allege an Eight Amendment claim under *Bivens* against the BOP, such claim would not hold water. The BOP is a federal agency. *Bivens* actions apply to federal agents, not to federal agencies. *See F.D.I.C. v. Meyer*, 510 U.S. 471, 486 (1994) ("An extension of *Bivens* to agencies of the Federal Government is not supported by the logic of *Bivens* itself."). Accordingly, Plaintiff cannot bring a *Bivens* claim against the BOP. *See id.*

There being no cognizable theory of relief pled against the BOP, the Court **GRANTS** the BOP's motion to dismiss the *Bivens* claim against it. And because there is no *Bivens* action against federal agencies, the Court dismisses any such claim against the BOP **WITHOUT LEAVE TO AMEND**. *See Saul v. United States*, 928 F.2d 829, 843 (9th Cir. 1991) ("A district court does not err in denying leave to amend where the amendment would be futile.").

**B.     Lack of Jurisdiction Over Negligence Claim Against the BOP**

Finally, Defendants argue that to the extent Plaintiff is bringing a negligent hiring or supervision claim against the BOP, this Court lacks subject matter jurisdiction over it based on the discretionary function exception to the Federal Tort Claims Act ("FTCA"). (Doc. No. 21 at 8.) To be sure, the Court notes that Plaintiff's negligence cause of action is not pled against the BOP. It names as a defendant only "Defendant GEO and Defendant Officers 15-30." (Doc. No. 10 at 10–12.) The Court thus declines to assume a negligence claim against the BOP where none is specifically pled in the FAC.

Additionally, Plaintiff's opposition does not address, and thus appears to concede to, Defendants' argument that the discretionary function exception bars a negligent hiring or supervision claim under the FTCA. *See, e.g., Nurse v. United States*, 226 F.3d 996, 1001

(9th Cir. 2000) (holding that negligent employment, supervision and training of federal employees "fall squarely within the discretionary function exception"). Instead, Plaintiff maintains that the BOP can be held liable for negligent supervision under *Bivens*. (Doc. No. 27 at 9.) As previously discussed, however, the right of action created in *Bivens* does not extend to federal agencies like the BOP. *See F.D.I.C.*, 510 U.S. at 486.

There being no fair notice of a specific negligence claim against the BOP (nor could one be brought under *Bivens*), the Court **DISMISSES** it for failure to state a claim. *See* Fed. R. Civ. P. 8, 12(b)(6). And because Plaintiff has not raised additional facts or argument to support a viable negligence theory against the BOP, the Court finds amendment would be futile. Accordingly, the Court **DISMISSES** the purported negligence claim against the BOP **WITHOUT LEAVE TO AMEND**. *See Saul*, 928 F.2d at 843.

## IV. CONCLUSION

For the foregoing reasons, the Court **GRANTS** Defendants' motion to dismiss. (Doc. No. 21.) Plaintiff's claims against Defendant BOP's Correctional Officers and Staff are **DISMISSED WITH LEAVE TO AMEND**. Plaintiff's claims against Defendant BOP are dismissed **WITHOUT LEAVE TO AMEND**.

Should Plaintiff wish to amend her complaint, she must file a Second Amended Complaint, along with a redlined version, no later than December 15, 2023. In the interest of a clear record, the Court **ORDERS** all remaining defendants (including those that have previously filed an Answer) to file their responsive pleading to the Second Amended Complaint, no later than December 29, 2023. *See generally KST Data, Inc. v. DXC Tech. Co.*, 980 F.3d 709, 715 (9th Cir. 2020) (indicating that a defendant should file a new answer to an amended complaint where the amendment "change[s] the theory or scope of the case.").

**IT IS SO ORDERED**.

Dated: December 1, 2023

Hon. Anthony J. Battaglia
United States District Judge